IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHRIS LOGAN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 25-cv-2836 |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO, as a municipal corporation and as an indemnitor, | ) ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

## COMPLAINT

NOW COMES Plaintiff, CHRIS LOGAN, by and through his counsel, Jeffrey Law Office, LLC, and complains of Defendant CITY OF CHICAGO, as a municipal corporation and as an indemnitor, and states as follows:

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

## JURISDICTION & VENUE

1. This action is brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, et. seq. and 28 U.S.C. § 1331.

2. Venue is proper in this Court under 28 U.S.C. § 1391, as Defendant has its principal place of operation and is domiciled in this District, all of the events or omissions giving rise to these claims occurred in this District, and Plaintiff was hired and is currently employed by Defendant, CITY OF CHICAGO, in this District.

## PARTIES

3. Plaintiff, CHRIS LOGAN, is and was at all times relevant to this Complaint an adult male resident of Cook County and the City of Chicago, Illinois. At all times relevant, Plaintiff was employed by Defendant CITY OF CHICAGO, in the capacity of Aviation Officer and Aviation Sergeant within the Department of Aviation. Plaintiff was harmed by Defendant in this District.

4. Defendant CITY OF CHICAGO is a municipal corporation under the laws of the State of Illinois. It has obligations as an indemnitor of conduct of its employees and officers under at least 745 ILCS 10/2-301, *et seq.* and 745 ILCS 10/9-101, *et seq*. Defendant harmed Plaintiff in Cook County, Chicago, Illinois.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. On October 17, 2023, Plaintiff timely filed a Charge of Discrimination alleging race discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"), EEOC Charge No. 440-2024-00548.

6. On December 18, 2024, the EEOC issued to Plaintiff a Notice of Right to Sue to bring his Title VII claims.

7. Therefore, Plaintiff's Complaint is filed in a timely manner; and Plaintiff has fully complied with all prerequisites to jurisdiction in this Court.

## UNDERLYING FACTS COMMON TO ALL COUNTS

8. Plaintiff's race is African-American. Defendant City of Chicago was apprised of Plaintiff's race.

9. On or about October 11, 1992, Plaintiff was hired by the City of Chicago Department of Aviation as an Aviation Officer. Plaintiff remained an employee of the City of

Chicago Department of Aviation in the capacity of Aviation Sergeant until his discriminatory and retaliatory termination on March 24, 2023.

10. However, being elevated to the position of Aviation Sergeant did not come easy. The City of Chicago Department of Aviation participated in discrimination practices that hindered Plaintiff's natural professional growth within the department. Thus, Plaintiff filed grievances and ultimately obtained an arbitration award on June 3, 2019, ordering the City of Chicago to promote Plaintiff to Aviation Sergeant. Even then, Plaintiff was not made active in that role by the Defendant City of Chicago until more than two months later on August 16, 2019.

11. Since, Plaintiff had been continuously harassed and subjected to disparate treatment by City of Chicago Department of Aviation management, including by Arthur Everett (Deputy Commissioner), Kevin Zator (Assistant Commissioner), Kenneth Glover (3rd Watch Shift Supervisor), Akram Hasan (2nd Watch Shift Supervisor), and James Woods (1st watch Shift Supervisor).

12. Such harassment, disparate treatment, and retaliation led Plaintiff to file grievances, EEOC Charge of Discrimination (440-2021-02776) and a federal lawsuit in this Court (21-cv-05380).

13. At all times relevant to this Complaint, from the time of being hired by Defendant City of Chicago until his termination, Plaintiff was qualified to perform his job and satisfactorily performed his duties and responsibilities within Defendant City of Chicago's legitimate expectations.

14. Because of his Race, African American, Plaintiff was subjected to disparate treatment and discriminatory acts with malice and with reckless indifference, including the refusal

to promote him and terminating him, by Defendant City of Chicago and its Department of Aviation.

15. And in retaliation for exercising a protected right and filing grievances, EEOC Charge of Discrimination, and a federal lawsuit, Plaintiff was subjected to discriminatory and retaliatory acts, with malice and with reckless indifference, including the refusal to promote him and terminating him, by Defendant City of Chicago and its Department of Aviation.

### COUNT I — RACE DISCRIMINATION
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, et. Seq.

16. Plaintiff incorporates by reference and restates herein by express reference all other paragraphs of this Complaint.

17. Plaintiff, as an African-American, is a member of a protected class.

18. Plaintiff was an employee of Defendant CITY OF CHICAGO in its Department of Aviation as Aviation Officer then as Aviation Sergeant from October 11, 1992 to March 24, 2023. During that time, Plaintiff was qualified to perform his job and satisfactorily performed his duties and responsibilities within Defendant City of Chicago's legitimate expectations.

19. Defendant discriminated against Plaintiff because of his race, African-American, by refusing to accommodate his desire of a safe and free non-discriminatory work place, including the refusal to promote him and terminating him, and would not have done so had Plaintiff not been African-American and everything else having been the same.

20. Other non-African-American, or White employees subjected to the same work environment, policies, procedures, and guidelines as Plaintiff were not discriminated against as Defendant City of Chicago accommodated those employees' safe and free non-discriminatory workplace rights. This unlawful discrimination directly impacted Plaintiff's terms and conditions of employment with Defendant.

21. Plaintiff's race was a substantial and motivating factor in Defendant City of Chicago's decision to discriminate against Plaintiff. Defendant would not have discriminated against Plaintiff absent consideration of Plaintiff's race.

22. Defendant City of Chicago's discrimination constitutes unlawful discrimination in direct violation of the Title VII.

WHEREFORE, Plaintiff, CHRIS LOGAN, respectfully requests that this Court enter judgment in his favor and against Defendant as follows:

A. Declare, decree, and adjudge that the Defendant violated Title VII;

B. Grant an injunction against the Defendant from violating Title VII and to protect other African-American employees from such Civil Rights violations;

C. Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that he was denied or lost and reinstating him to the position he previously held;

D. Order the Defendant to pay the Plaintiff compensatory damages;

E. Award the Plaintiff pre-judgment and post-judgment interest to which he is entitled;

F. Award the Plaintiff his reasonable attorney's fees and costs; and

G. Award such other and further relief as it is just and appropriate, including nominal damages.

**COUNT II – RETALIATION**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, et. Seq.**

23. Plaintiff incorporates by reference and restates herein by express reference all other paragraphs of this Complaint.

24. It is unlawful and a civil rights violation for an employer to retaliate against an employee because the employee has opposed that which they reasonably and in good faith believes

to be unlawful discrimination, for reporting discrimination, opposing an employer's discriminatory practices or because the employee has made a charge, filed a complaint or participated in an investigation or legal action related to discrimination under Title VII.

25. Plaintiff had engaged in a protected activity under Title VII after having reported and opposed the discriminatory practices of Defendant City of Chicago.

26. Plaintiff sought to protect himself against the unlawful discrimination based upon having previously opposed and reported the unlawful treatment and requesting a reasonable and safe workplace and environment.

27. Defendant's decision to discriminate against Plaintiff was motivated by an intent to retaliate against him, including refusing to promote him and terminating him, because he had reported and complained the aforesaid complaints and unlawful treatment and because of his protected class and conduct.

28. Defendant would not have discriminated against Plaintiff had he not previously engaged in protected activity and everything else being the same.

29. Other Defendant employees subjected to the same work environment, policies, procedures, and guidelines as Plaintiff were not discriminated against based upon engaging in the same protected activities. This unlawful discrimination and retaliatory treatment of Plaintiff directly impacted his terms and conditions of employment with Defendant.

30. As a direct and proximate result of Defendant's violations on the basis of retaliation, a result of the unlawful and willful acts complained of herein, Plaintiff has suffered economic and non-economic damages.

31. Defendant City of Chicago's discrimination constitutes unlawful discrimination in direct violation of Title VII.

WHEREFORE, Plaintiff, CHRIS LOGAN, respectfully requests that this Court enter judgment in his favor and against the Defendant as follows:

A. Declare, decree, and adjudge that the Defendant violated Title VII;

B. Grant an injunction against the Defendant from violating Title VII and to protect other employees from such violations;

C. Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that he was denied or lost and reinstating him to the position he previously held;

D. Order the Defendant to pay the Plaintiff compensatory damages;

E. Award the Plaintiff pre-judgment and post-judgment interest to which he is entitled;

F. Award the Plaintiff his reasonable attorney's fees and costs; and

G. Award such other and further relief as it is just and appropriate, including nominal damages.

Dated:  March 18, 2025

                                                /s    Antonio L. Jeffrey
                                                   Attorney for Plaintiff

JEFFREY LAW OFFICE, LLC
Antonio L. Jeffrey (#6308345)
1301 W. 22nd Street, Suite 308
Oak Brook, Illinois 60523
(312) 583-7072
(312) 583-0888 (fax)
ajeffrey@jeffreylawoffice.com